# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

HIP, INC.,                                    )
                                              )
         Plaintiff,                   )          C.A. No. 21-546-CFC
     v.                                      )
                                              )          **PUBLIC VERSION**
HORMEL FOODS CORPORATION,                     )
                                              )
         Defendant.                   )


# OPENING BRIEF IN SUPPORT OF DEFENDANT'S *DAUBERT* MOTION TO EXCLUDE CERTAIN OPINIONS OF RULE 26(A)(2)(C) WITNESS <u>DAVID HOWARD</u>


OF COUNSEL:

Kurt J. Niederluecke
Timothy M. O'Shea
Barbara Marchevsky
FREDRIKSON & BYRON P.A.
200 South Sixth Street, Suite
4000 Minneapolis, MN  55402
Tel:  (612) 492-7000


Dated:  September 1, 2021
PUBLIC VERSION
Dated:  September 1, 2021
6932948 / 45175

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Stephanie E. O'Byrne (#4446)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
sobyrne@potteranderson.com

*Attorneys for Defendant Hormel Foods Corporation*

# **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ...............................................1

SUMMARY OF ARGUMENT ...............................................................2

STATEMENT OF FACTS ..................................................................3

ARGUMENT ..............................................................................4

I.      MR. HOWARD MAY NOT TESTIFY AS A RULE 26(A)(2)(C)
        WITNESS ON MATTERS AS TO WHICH HE HAS NO
        PERSONAL KNOWLEDGE.**..........................................................5

II.     MR. HOWARD'S PROPOSED TESTIMONY ON PATENT
        CONCEPTS AND COURT ORDERS WITH WHICH HE HAS NO
        INDEPENDENT FAMILIARITY OR RELEVANT LEGAL
        EXPERIENCE MUST BE EXCLUDED. .........................................10

III.    BECAUSE MR. HOWARD DID NOT DISCLOSE OPINION
        TESTIMONY ON JOINT INVENTORSHIP, THE COURT
        SHOULD EXCLUDE ANY SUCH TESTIMONY .............................13

CONCLUSION ...........................................................................15

## <u>TABLE OF AUTHORITIES</u>

PAGE(S)

**Cases**

*Alco Indus., Inc. v. Wachovia Corp.*,
   527 F. Supp. 2d 399 (E.D. Pa. 2007) ...................................................................13

*Alpha Pro Tech, Inc. v. VWR Int'l, LLC*,
   No. CV 12-1615, 2016 WL 5930868 (E.D. Pa. Oct. 12, 2016)................... 12, 13

*Cardenas v. Whittemore*,
   No. 10-cv-1808, 2013 WL 497864 (S.D. Cal. Feb. 8, 2013).................................4

*Daubert v. Merrell Dow Pharma, Inc.*,
   509 U.S. 579 (1993) .............................................................................................4

*Downey v. Bob's Disc. Furniture Holdings, Inc.*,
   633 F.3d 1 (1st Cir. 2011) .....................................................................................9

*Enova Tech. Corp. v. Initio Corp.*,
   C.A. No. 10-04-LPS, 2013 WL 12155767 (D. Del. Jan. 31, 2013)....................15

*Husaini v. Paul Revere Life Ins. Co.*,
   No. 2:14-CV-00636, 2016 WL 6948401 (W.D. Pa. Nov. 28, 2016)..............6, 10

*Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*,
   849 F.3d 355 (7th Cir. 2017)....................................................................... 2, 5, 6

*PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Tr.*,
   C.A. No. 10-964-RGA, 2013 WL 12143965 (D. Del. Apr. 10, 2013) .................4

*Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC.*,
   C.A. No. 17-189-LPS-CJB, 2019 WL 5310220 (D. Del. Oct. 21, 2019)... 2, 5, 11

*Salzman v. United States*,
   No. CV 18-779 CG/LF, 2019 WL 7293412 (D.N.M. Dec. 30, 2019)..................9

*Sanchez v. California*,
   No. 1:12-CV-01835-SAB, 2015 WL 2185186 (E.D. Cal. May 8, 2015).............9

*Small v. Amgen, Inc.*,
  No. 2:12-cv-476-FtM-PAM-MRM, 2017 WL 5443912 (M.D. Fla. Feb. 15,
  2017)..................................................................................................................14

*Trulove v. D'Amico*,
  No. 16-CV-050 YGR, 2018 WL 1090248 (N.D. Cal. Feb. 27, 2018)..................9

*United States v. Sierra Pac. Indus.*,
  No. CIV S-09-2445 KJM EF, 2011 WL 2119078 (E.D. Cal. May 26, 2011) .......5

*Vanderbilt University v. ICOS Corp.*,
  601 F.3d 1297 (Fed. Cir. 2010)...........................................................................13

*Vifor Fresenius Med. Care Renal Pharma Ltd. v. Lupin Atlantis Holdings SA*,
  C.A. No. 18-390-MN, 2020 WL 4699050 (D. Del. Aug. 13, 2020) ..................14

*Walker v. Mankey*,
  No. 2:14-CV-01504-LPL, 2018 WL 10230906 (W.D. Pa. Oct. 30, 2018) ..........5

**Rules**

Fed. R. Civ. P. 26 ............................................................................... passim

Defendant Hormel Foods Corporation ("Hormel") respectfully moves the Court to exclude certain opinion testimony identified in Plaintiff HIP, Inc.'s ("HIP") Rule 26(a)(2)(C) disclosures for David Howard that violate the scope of permissible testimony under that rule.

## NATURE AND STAGE OF THE PROCEEDINGS

HIP filed a lawsuit on May 29, 2018 for correction of inventorship and ownership of Hormel's U.S. Patent No. 9,980,498 (the "'498 Patent"). D.I. 1[1]; *see also* D.I. 21 (First Amended Complaint). Following fact discovery, on July 13, 2020, HIP served a Rule 26(a)(2)(C) Disclosure of Expert Testimony from David Howard, HIP's sole employee and alleged sole inventor of the '498 Patent. (Ex. 1.) On August 11, 2020, Hormel served rebuttal expert reports pursuant to Rule 26(a)(2)(B) from its retained technical expert, Ramesh Gunawardena, and its retained forensic expert, John Montegudo. On September 9, 2020, HIP served a Rule 26(a)(2)(C) Reply Disclosure from Mr. Howard. (Ex. 2.) Mr. Howard was then deposed in his capacity as a Rule 26(a)(2)(C) witness on September 29, 2020. (Ex. 3, providing excerpts of Mr. Howard's deposition transcript.) A bench trial was scheduled for January 11, 2021. D.I. 36.

Hormel moves to exclude certain opinion testimony from Mr. Howard because it exceeds the bounds of allowable testimony under Rule 26(a)(2)(C). The

---

[1] References to docket entries in this briefing relate to the original proceeding, Case No. 18-802-CFC.

parties met and conferred pursuant to D. Del. LR 7.1.1, and HIP indicated it will oppose this motion.

## SUMMARY OF ARGUMENT

1.    HIP's Rule 26(a)(2)(C) disclosures identify anticipated testimony from Mr. Howard that includes matters unquestionably beyond his personal knowledge.  Witnesses disclosed under Federal Rule of Civil Procedure 26(a)(2)(C) must testify only from personal knowledge gained firsthand.  *See, e.g.*, *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC.*, C.A. No. 17-189-LPS-CJB, 2019 WL 5310220, at *3 (D. Del. Oct. 21, 2019); *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017). Accordingly, the Court must exclude any disclosed opinion testimony from Mr. Howard that is outside the scope of his direct personal knowledge.

2.    Similarly, Mr. Howard seeks to testify as to legal patent issues (*i.e.*, corroboration, the level of ordinary skill in the art, and invalidity) and court orders in prior litigations between the parties, with which he admittedly has no legal experience, familiarity, and for which he is relying solely on the analyses of others. These anticipated opinions are also improper and should be excluded.  *See, e.g.*, *Roche Diagnostics Corp.*, 2019 WL 5310220, at *3.

3.    Finally, HIP did not disclose any anticipated opinion testimony from Mr. Howard that he is a joint inventor of Hormel's '498 Patent.  HIP's failure to do

so requires the exclusion of any opinion testimony from Mr. Howard on joint inventorship.

## STATEMENT OF FACTS

Hormel is the owner of the '498 Patent, titled the "Hybrid Bacon Cooking System," which issued on May 29, 2018.  D.I. 21, ¶¶ 1-2, 11.  The '498 Patent is directed toward a method of making precooked bacon pieces.  *Id.*, ¶ 14.  The four named inventors on the patent are current and former Hormel employees Brian J. Srsen, Richard M. Herreid, James E. Mino, and Brian E. Hendrickson.  *Id.*, ¶ 12.

The current litigation is HIP's third against Hormel relating to processes for making precooked bacon slices.  In this matter, HIP seeks correction of inventorship of Hormel's '498 Patent, contending that David Howard – the president and sole employee of HIP – should be named as the sole inventor on Hormel's '498 Patent.  D.I. 21, ¶ 1; (Ex. 3 at 11:18-21).  HIP's allegations in this lawsuit are based almost exclusively on Mr. Howard's personal account of his alleged conception of the inventions claimed in the '498 Patent and purported subsequent disclosure to Hormel.  *See* D.I. 21.  HIP has now designated Mr. Howard, its only employee and main fact witness, as a non-reporting testifying expert under Rule 26(a)(2)(C), identifying a broad range of opinion testimony that spans decades.  (*See* Ex. 1, Ex. 2.)  Mr. Howard claims that he "conceived of the claims to the '498 patent long before [he] met Hormel" and did so by himself.  (Ex.

3

3 at 21:4-24.)  He contends he "disclosed his prior conception and reduction to practice" of each of the claims of the '498 patent to Hormel, between July 2007 and July 2009.  (Ex. 1 at pp. 2, 4.)  It is undisputed that Mr. Howard was not involved in any of Hormel's testing of its bacon cooking process that led to the inventions in the '498 Patent after the fall of 2008.  (*See* Ex. 4 at 357:1-5.)

## ARGUMENT

This Court has discretion to exclude expert testimony that is improper or will not aid the trier of fact.  *See Daubert v. Merrell Dow Pharma, Inc.*, 509 U.S. 579, 591 (1993).  Mr. Howard proffers opinions as a Rule 26(a)(2)(C) witness that are outside his personal knowledge and therefore exceed the proper scope of testimony under that rule.  Likewise, HIP failed to disclose an opinion on joint inventorship from Mr. Howard.  Accordingly, the Court should exclude all such testimony from Mr. Howard at trial.  Precluding these improper opinions now will streamline trial and conserve the resources of the parties, who must otherwise prepare to present and rebut improper testimony.  *See, e.g.*, *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Tr.*, C.A. No. 10-964-RGA, 2013 WL 12143965, at *2 (D. Del. Apr. 10, 2013) (excluding before a bench trial purported "expert" testimony about what others "during the relevant time period did, knew, believed, or intended" as unhelpful to the trier of fact); *Cardenas v. Whittemore*, No. 10-cv-1808, 2013 WL 497864, at *1 (S.D. Cal. Feb. 8, 2013) (explaining that, even in the

case of a bench trial, "it is the practice of federal courts to exclude inadmissible evidence when the issue is raised" (citation omitted)).

## I.   MR. HOWARD MAY NOT TESTIFY AS A RULE 26(A)(2)(C) WITNESS ON MATTERS AS TO WHICH HE HAS NO PERSONAL KNOWLEDGE.

Courts have consistently held that a witness disclosed under Rule 26(a)(2)(C) can only testify based on his or her "own knowledge and experience." *Roche Diagnostics Corp.*, 2019 WL 5310220, at *3 (granting *Daubert* motion to exclude improper non-reporting expert testimony).  Non-reporting testifying expert witnesses "do not have carte blanche to testify at will," rather, they must "testify from the personal knowledge they gained firsthand."  *Walker v. Mankey*, No. 2:14-CV-01504-LPL, 2018 WL 10230906, at *2 (W.D. Pa. Oct. 30, 2018) (quoting *Indianapolis Airport Auth.,* 849 F.3d at 371.)

While a non-reporting expert is limited to providing opinions based on "information . . . acquired through percipient observations," by contrast "expert opinions that require a report . . . [are] based on information provided by others or in a manner other than by being a percipient witness to the events in issue." *United States v. Sierra Pac. Indus.*, No. CIV S-09-2445 KJM EF, 2011 WL 2119078, at *4 (E.D. Cal. May 26, 2011).  A district court is "entitled to police this distinction" and preclude non-reporting expert witnesses "from testifying as if they were retained experts," or in other words, "from testifying beyond the scope of facts

they learned and opinions they formed during the course of their project duties."

*Indianapolis Airport Auth.*, 849 F.3d at 371; *see also Husaini v. Paul Revere Life*

*Ins. Co.*, No. 2:14-CV-00636, 2016 WL 6948401, at \*4-5 (W.D. Pa. Nov. 28,

2016) (explaining that the distinction between reporting and non-reporting experts

turns not on the "status of the witness, but rather the substance of the testimony").

Although Mr. Howard was disclosed as a non-reporting Rule 26(a)(2)(C)

witness, he improperly seeks to provide testimony that falls within the purview of a

retained expert under Rule 26(a)(2)(B). Mr. Howard's disclosures state that he

expects to testify as to numerous topics on which he admittedly has no personal

knowledge.

First, Mr. Howard seeks to testify about Hormel's efforts to make precooked

bacon before it met with Mr. Howard in June 2007. (*See* Ex. 2 at pp. 3, 12-14.)

For example, Mr. Howard's Reply Disclosure includes numerous points of

anticipated testimony as to Hormel's work with a Dutch company, TNO, in 2004-

2006. (*See* Ex. 2 at pp. 3, 12-13.) Mr. Howard was not involved with that work:

he admits that he did not participate in the testing with TNO and was not present at

any meetings, calls, or contract discussions between Hormel and TNO. (Ex. 3 at

63:18-64:12.) Mr. Howard states that he "wasn't personally there," but instead

formed his opinions based on documents produced in this litigation and after-the-

fact conversations. (*Id.* at 41:3-24; *see also id.* at 40:15-21.)

Similarly, Mr. Howard expects to testify about Hormel's internal documents reflecting its efforts prior to meeting Mr. Howard in the summer of 2007.  (*See, e.g.*, Ex. 2 at pp. 3, 13 (listing internal Hormel documents dated 2005 to early 2007); Ex. 3 at 35:13-37:4.)  Mr. Howard concedes that these opinions are based on "what I have reviewed in the documents" and after-the-fact conversations with Hormel.  (Ex. 3 at 37:20-38:15.)  This expected testimony is not based on Mr. Howard's personal knowledge.

Second, Mr. Howard intends to testify about Hormel's internal documents reflecting its independent work on the cooking processes claimed in the '498 Patent dated after November 2009.  (*See* Ex. 1 at p. 2; Ex. 2 at pp. 3, 6, 11, 12, 17.)  Specifically, Mr. Howard anticipates providing rebuttal testimony regarding Hormel's date of conception for the claims of the '498 Patent, between November 17 and December 17, 2009.  (*See* Ex. 2 at p. 6; *see also id.* at p. 17.)  Mr. Howard also seeks to give rebuttal opinion testimony regarding Hormel's "reductions to practice."  (*Id.* at p. 11.)  However, Mr. Howard admittedly was not involved in any of Hormel's testing of its bacon cooking process in this time period.  (*See, e.g.*, Ex. 4 at 357:1-5.)  Thus, he has no personal knowledge about Hormel's internal efforts to conceive or develop the inventions claimed in the '498 Patent.  Indeed, Mr. Howard concedes that he learned about Hormel's earliest date of conception,

November 17, 2009, "as an answer to an interrogatory from HIP to Hormel" in this litigation.  (Ex. 3 at 25:14-24.)

Third, HIP discloses opinion testimony from Mr. Howard regarding other information and documents he learned only through this litigation and previous litigations between the parties.[2]  For instance, Mr. Howard expects to provide rebuttal testimony regarding "internal and external Hormel documents (marketing and others)" he contends are related to motivations to combine prior art in the bacon-cooking field.  (Ex. 2 at p. 8.)  Mr. Howard admittedly learned about those documents through litigation.  (Ex. 3 at 59:4-9.)

He likewise seeks to testify about Hormel's work with a third party, JBT.  (*See* Ex. 2 at pp. 4-5, 8.)  Once again, Mr. Howard concedes he "wasn't present" for any testing or meetings between Hormel and JBT, including a July 11, 2007 meeting Mr. Howard specifically referenced in his disclosure.  (Ex. 3 at 43:18-19, 69:7-20.)  Further, Mr. Howard seeks to provide rebuttal expert testimony based on opinions formed through review of other witness's depositions taken in this litigation and the parties' prior litigations.  (*See* Ex. 2 at p. 8 (referencing deposition testimony from Mr. Gunawardena), pp. 10-11 (deposition testimony from Hormel employee Mr. Srsen), pp. 11-12 (deposition testimony from current

---

[2] Mr. Howard was granted access to both information designated as Confidential and technical information designated Highly Confidential – Outside Attorneys Eyes Only in this litigation.  (D.I. 43 at Sections 7.2-7.3.)

and former Hormel employees Mr. Pfeil, Mr. Mino, Mr. Herreid, Mr. Christenson, Mr. Srsen, Mr. Hendrickson, and Dr. Rao).)  Mr. Howard's proposed rebuttal testimony that Mr. Gunawardena's analysis is "unsound" is also admittedly based on deposition testimony from other witnesses taken during the parties' litigations. (Ex. 2 at p. 18; Ex. 3 at 67:1-68:1.)

In sum, because Mr. Howard was only disclosed as a non-reporting expert, he must be precluded from providing testimony that exceeds his personal knowledge.  *See Sanchez v. California*, No. 1:12-CV-01835-SAB, 2015 WL 2185186, at *9 (E.D. Cal. May 8, 2015) (precluding testimony beyond a non-reporting testifying expert's personal knowledge because the witness did not provide an expert report).  Mr. Howard's reliance on information learned from others and through litigation does not constitute personal knowledge and any opinion testimony based thereon is unquestionably improper under Rule 26(a)(2)(C).[3]  *See, e.g., Salzman v. United States*, No. CV 18-779 CG/LF, 2019

---

[3] If Mr. Howard wished to testify based on later-learned information as a retained expert, he was required to submit a written report under Rule 26(a)(2)(B).  *See, e.g., Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011) (stating that where an expert is not "part of the ongoing sequence of events" and instead "draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed" as a retained expert under the purview of Rule 26(a)(2)(B)); *Trulove v. D'Amico*, No. 16-CV-050 YGR, 2018 WL 1090248, at *3 (N.D. Cal. Feb. 27, 2018) (concluding that Rule 26(a)(2)(B) applied to expert testimony where the witness was "only given information [after the events giving rise to the litigation] and asked to form opinions 'solely for the purposes' of the litigation").

WL 7293412, at *5 (D.N.M. Dec. 30, 2019) (stating that a non-retained expert's testimony is limited to opinions formed based on personal knowledge, "not the extraneous review of records or evidence in anticipation of litigation"); *Husaini*, 2016 WL 6948401, at *5 (explaining that a Rule 26(a)(2)(C) witness's testimony is limited to their personal knowledge and "historical observation as an 'actor' or 'viewer'").

Accordingly, the Court should exclude Mr. Howard from providing opinion testimony beyond his personal knowledge with respect to the topics in his Rule 26(a)(2)(C) disclosures discussed above and summarized *infra* in the Conclusion (and as highlighted in yellow in Exhibits 1 and 2).

## II.   MR. HOWARD'S PROPOSED TESTIMONY ON PATENT CONCEPTS AND COURT ORDERS WITH WHICH HE HAS NO INDEPENDENT FAMILIARITY OR RELEVANT LEGAL EXPERIENCE MUST BE EXCLUDED.

As a corollary to the personal knowledge requirement, a Rule 26(a)(2)(C) witness also may not testify on concepts with which the witness has no familiarity. A court in this District, for example, excluded anticipated testimony from a Rule 26(a)(2)(C) expert regarding which patents in the case were "core" patents and whether those patents were infringed because the witness "received that information from others" and "did not claim to have any relevant legal experience to render him competent to opine on ultimate issues of infringement." *Roche Diagnostics Corp.*, 2019 WL 5310220, at *3 (granting *Daubert* motion because the

witness's proffered opinions were not "based on sufficient facts or data using reliable principles and methods").

Mr. Howard's disclosures are rife with anticipated opinions on patent concepts with which he admittedly has no familiarity and on which he has no relevant legal experience.  For instance, Mr. Howard expects to testify on rebuttal as to his opinion that "the evidence . . . provides more than adequate corroboration that Mr. Howard is the sole inventor" and that Mr. Gunawardena's opinions "lack clear and convincing corroboration."  (Ex. 2 at pp. 3, 6.)  But Mr. Howard admits that he does not know what is required to show corroboration.  (Ex. 3 at 26:9-15.)

Further, Mr. Howard anticipates giving an opinion "as to the level of ordinary skill in the art at relevant times, and that he has long been a person of at least ordinary skill in the art."  (Ex. 1 at p. 5; Ex. 2 at p. 7.)  Once again, Mr. Howard states that he is not aware of the legal factors used in determining a person of ordinary skill in the art.  (Ex. 3 at 142:1-6, 143:14-19 ("I can't do that.").)  Instead, the opinions described in his Reply Disclosure appear to rely on the analysis of John Corliss – a technical expert HIP has used in prior litigation.  (*See* Ex. 2 at p.7.)  Mr. Corliss is not a witness in this litigation.

Likewise, Mr. Howard discloses that he may offer rebuttal opinions that "none of the [prior art] references [in a related IPR proceeding] alone anticipated any claim of the '610 patent, that Mr. Gunawardena's asserted motivations to

11

combine references were both technically flawed and contradicted by substantial evidence of objective criteria[.]"  (*Id.* at p. 8.[4])  Mr. Howard here too explains that he does not know the standards for anticipation or motivation to combine; "[h]e's not an expert in patent law."  (Ex. 3 at 58:12-59:2.)  On top of that, Mr. Howard concedes he is relying on Mr. Corliss' analysis for this purported opinion regarding motivations to combine references, and the analysis Mr. Corliss and HIP's counsel prepared in the related IPR for his opinion regarding anticipation.  (*Id.* at 46:20-47:4, 58:12-22.)  Indeed, when asked whether he had conducted an analysis as to his opinion on anticipation, he responded: "Well, HIP did."  (*Id.* at 53:21-54:8.)

Mr. Howard may not provide opinion testimony based on concepts with which he has no knowledge or experience.  *See Alpha Pro Tech, Inc. v. VWR Int'l, LLC*, No. CV 12-1615, 2016 WL 5930868, at *4 (E.D. Pa. Oct. 12, 2016) (granting *Daubert* motion to preclude a Rule 26(a)(2)(C) witness from providing testimony on trademark concepts where the witness had no experience in that area, was not a lawyer, and based on deposition testimony had no "independent familiarity" with those concepts but was simply provided them by counsel).  As in *Alpha Pro*, although at trial HIP's counsel may argue about these concepts, they "will not be

---

[4] U.S. Patent No. 9,510,610 is prior art to the '498 Patent, was invalidated by this Court in a prior lawsuit, and was the subject of an *Inter Partes* Review proceeding (IPR2019-00469) that was terminated after the Federal Circuit affirmed this Court's invalidity decision.

permitted to have [the non-reporting expert] serve as the mouthpiece for such argument." *Id.*

Finally, Mr. Howard intends to give rebuttal opinions about court orders in prior cases between the parties. (*See* Ex. 2 at p. 5.) There is no question that Mr. Howard is not a lawyer and has no specialized legal training. (Ex. 3 at 46:3-6.) Therefore, any testimony consisting of legal conclusions relating to prior litigation must be excluded. *See Alco Indus., Inc. v. Wachovia Corp.*, 527 F. Supp. 2d 399, 409 (E.D. Pa. 2007).

## III. BECAUSE MR. HOWARD DID NOT DISCLOSE OPINION TESTIMONY ON JOINT INVENTORSHIP, THE COURT SHOULD EXCLUDE ANY SUCH TESTIMONY.

HIP bears the burden of proof to establish joint inventorship by clear and convincing evidence. *See Vanderbilt University v. ICOS Corp.*, 601 F.3d 1297, 1305 (Fed. Cir. 2010). Mr. Howard's original disclosure does not identify or discuss any opinions that he is a joint inventor. (*See* Ex. 1.) Rather, the disclosure states only that Mr. Howard is expected to testify that he is the sole inventor of the claims in the '498 Patent. (*See id.* at p. 2 (stating "Mr. Howard is expected to testify that he is the true and sole inventor of all the subject matter claimed in the '498 patent and that he conceived all of the subject matter [claimed in the patent] prior to Hormel's . . . earliest asserted date of conception"); *see also* Ex. 3 at

13

13:21-24, 21:4-24 (confirming that HIP's position is that Mr. Howard is the sole inventor).)

Because Mr. Howard's original disclosure does not express an opinion on joint inventorship, he should be precluded from offering such an opinion at trial. *See* Fed. R. Civ. P. 26(a)(2)(D) (stating that a party "must make" Rule 26(a)(2) disclosures "at the times and in the sequence that the court orders"); D.I. 36 at 5 (noting that deadlines for initial Rule 26(a)(2) disclosures of expert testimony are "[f]or the party with the initial burden of proof on the subject matter"); *Small v. Amgen, Inc.*, No. 2:12-cv-476-FtM-PAM-MRM, 2017 WL 5443912, at *2-3 (M.D. Fla. Feb. 15, 2017) (explaining that, despite Rule 26(a)(2)(C)'s "less extensive disclosure requirement," a court may exclude expert testimony at trial "if a party fails to provide information as required by the expert disclosure rules" (citation omitted)); *cf. Vifor Fresenius Med. Care Renal Pharma Ltd. v. Lupin Atlantis Holdings SA*, C.A. No. 18-390-MN, 2020 WL 4699050, at *2 (D. Del. Aug. 13, 2020) (excluding from a party's case-in-chief opinions not included in its expert's opening report).

Even if HIP could disclose an opinion on which it bears the burden of proof for the first time in rebuttal, which it cannot, HIP's passing reference to joint inventorship in Mr. Howard's Reply Disclosure is woefully deficient.  (*See* Ex. 2 at p. 4.)  In the Reply Disclosure, HIP notes that "while the reply opinions Mr.

14

Howard intends to offer are that he is the sole inventor . . . if the Court decides that Mr. Howard made at least one inventive contribution . . . HIP understands this would necessarily result in a decision finding that Mr. Howard is a joint inventor." (*Id.*)  The inaccuracy of this legal contention aside, HIP does not state that Mr. Howard expects to provide an opinion as to joint inventorship, let alone provide the required disclosure of "subject matter" and "summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C); *see also Enova Tech. Corp. v. Initio Corp.*, C.A. No. 10-04-LPS, 2013 WL 12155767, at *1 (D. Del. Jan. 31, 2013).

Thus, the Court should exclude Mr. Howard from offering any Rule 26(a)(2)(C) opinion testimony regarding joint inventorship.

## CONCLUSION

This Court should preclude David Howard, a non-reporting expert, from testifying beyond his firsthand personal knowledge and experience.  Likewise, Mr. Howard should be precluded from offering opinion testimony as to joint inventorship because no such opinions were included in HIP's Rule 26(a)(2)(C) disclosures for Mr. Howard.  Therefore, Hormel respectfully requests that the Court grant its Motion and exclude Mr. Howard from testifying as a Rule 26(a)(2)(C) witness on the following (as highlighted in yellow in Exhibits 1 and 2):

1.    Hormel's efforts to make precooked bacon before it met with Mr. Howard in June 2007, including Hormel's internal documents reflecting its work with a Dutch company, TNO, in 2004-2006. (*See* Ex. 2 at pp. 3, 12-14.)

2.    Hormel's independent work on the cooking processes claimed in the '498 Patent after November 2009.  (*See* Ex. 1 at p. 2; Ex. 2 at pp. 3, 6, 11, 12, 17.)

3.    "Internal and external Hormel documents (marketing and others)" that Mr. Howard contends are related to motivations to combine prior art in the bacon cooking field.  (*See* Ex. 2 at p. 8.)

4.    Hormel's independent work with a third party, JBT, including testing that occurred on July 11, 2007 and in 2012.  (*See* Ex. 2 at pp. 4-5, 8.)

5.    Other witness's deposition testimony taken in this litigation and the parties' prior cases that are outside the scope of Mr. Howard's firsthand personal knowledge.  (*See* Ex. 2 at p. 8 (referencing deposition testimony from Mr. Gunawardena), pp. 10-11 (deposition testimony from Hormel employee Mr. Srsen), pp. 11-12 (deposition testimony from current and former Hormel employees Mr. Pfeil, Mr. Mino, Mr. Herreid, Mr. Christenson, Mr. Srsen, Mr. Hendrickson, and Dr. Rao), p. 18 (stating that Mr. Gunawardena's analysis is "unsound" based on the depositions).

6.    Legal patent issues such as corroboration, the level of ordinary skill in the art, and invalidity.  (*See* Ex. 1 at p. 5; Ex. 2 at pp. 3, 6-8.)

7.    The legal impact of court orders in prior cases between the parties.

(*See* Ex. 2 at p. 5.)

8.    Opinion testimony that Mr. Howard is a joint inventor of Hormel's

'498 Patent.  (*See* Ex. 2 at p. 4.)

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kurt J. Niederluecke
Timothy M. O'Shea
Barbara Marchevsky
FREDRIKSON & BYRON P.A.
200 South Sixth Street, Suite
4000 Minneapolis, MN  55402
Tel:  (612) 492-7000


Dated:  September 1, 2021
PUBLIC VERSION
Dated:  September 1, 2021
6932948 / 45175

By:  */s/ Bindu A. Palapura*
     David E. Moore (#3983)
     Bindu A. Palapura (#5370)
     Stephanie E. O'Byrne (#4446)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, DE  19801
     Tel:  (302) 984-6000
     dmoore@potteranderson.com
     bpalapura@potteranderson.com
     sobyrne@potteranderson.com

*Attorneys for Defendant Hormel Foods
Corporation*

17