IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HIP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-546 (CFC) |
| | ) |
| HORMEL FOODS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO REVIEW TAXATION OF COSTS**

OF COUNSEL:

Jerry R. Selinger
PATTERSON + SHERIDAN LLP
1700 Pacific Avenue, Suite 2650
Dallas, TX 75201
(214) 272-0958

B. Todd Patterson
Kyrie Cameron
PATTERSON + SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, TX 77046
(713) 623-4844

April 30, 2024

Karen Jacobs (#2881)
Michael J. Flynn (#5333)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
mflynn@morrisnichols.com

*Attorneys for HIP, Inc.*

# TABLE OF CONTENTS

Page

I. Introduction ...................................................................................................1

II. Background....................................................................................................2

III. Legal Standard...............................................................................................2

IV. Hormel's Motion For Court Transcripts And Deposition Costs
Should Be Denied..........................................................................................3

    A. Court Transcript Costs ........................................................................3

    B. Deposition Costs .................................................................................5

V. Hormel's Motion For Exemplification Costs Should Be Denied........................9

VI. Conclusion...................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*United Access Techs., LLC v. Earthlink, Inc.*,
   No. 02–272–MPT, 2012 WL 2175786 (D. Del. June 14, 2012) ...................... 2, 7

**Rules and Statutes**

28 U.S.C. § 1920 ............................................................................................. 1, 2, 4, 11

Fed. R. App. P. 39(e)(2) ............................................................................................ 4

D. Del. Local Rule 54.1 ................................................................................... *passim*

I.    **INTRODUCTION**

Hormel seeks this Court's review of the Clerk's April 10, 2024 Taxation of Costs, which properly granted $3,604.38 of the $51,360.03 in costs sought by Hormel under 28 U.S.C. § 1920 and D. Del. LR 54.1(b). D.I. 75. Specifically, the Clerk properly denied Hormel's requests for costs relating to trial and hearing transcripts under LR 54.1(b)(2), and denied costs for deposition transcripts and other expenses under LR 54.1(b)(3), because "Hormel ha[d] not 'clearly described' . . . how and/or why any of the requested costs are taxable by the Clerk." D.I. 75 at 3, citing LR 54.1(a)(2). The Clerk denied Hormel's requested "copying costs" for witness binders, opening demonstratives, and closing demonstratives because "Hormel ha[d] not established that costs" were taxable under LR 54.1(b)(5). *Id.* at 4.[1] Finally, the Clerk denied Hormel's request for $20,207 in "exemplification costs" because Hormel "fail[ed] to address how these costs are taxable under Local Rule 54.1 or 28 U.S.C. § 1920." *Id.*

Hormel's motion for review now does not overcome the failings the Clerk noted in denying these requested costs. In view of the Clerk's findings, the Court should deny Hormel's motion for the reasons set forth below.

---

[1]    Hormel does not seek review of the Clerk's denial of "copying costs." Mot. at 16.

## II.     BACKGROUND

At the same time Hormel asserts that there is no dispute that Hormel is the prevailing party (D.I. 76 at 5), it nonetheless launches into a self-serving multi-page recitation of the jurisdictional dispute regarding the "First Action" which resulted in the filing of the "Second Action." (*Id.* at 2-4). None of this is relevant to Hormel's motion for review of taxation of costs. HIP thus does not respond further here but points to its opening and reply briefs in support of its motion to dismiss the First Action and accompanying declarations for its recitation of facts. *See* C.A. No. 18-802, D.I. 162, 165.

## III.    LEGAL STANDARD

As the moving party, Hormel has the burden to prove entitlement to reimbursement of any categories of costs under 28 U.S.C. § 1920. *See, e.g., United Access Techs., LLC v. Earthlink, Inc.*, No. 02–272–MPT, 2012 WL 2175786, at *10 (D. Del. June 14, 2012) ("The burden rests with … the moving party[] to prove entitlement to reimbursement."). Costs other than those specifically allowed by Local Rule 54.1(b) "ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statute or binding court decision." D. Del. LR 54.1(b)(11).

Hormel cites case law, but none from this Court, who presided over the trial, and who found in Plaintiff's favor on joint inventorship (which ruling was

subsequently reversed by the Federal Circuit). None of Hormel's cases present the type of inventorship dispute this case involved and none are binding precedent on the specific issues at hand. At best, those cases address the district court's discretion to address the circumstances of the facts before them. None of the facts here warrant the taxation of additional costs.

### IV. HORMEL'S MOTION FOR COURT TRANSCRIPTS AND DEPOSITION COSTS SHOULD BE DENIED

#### A. Court Transcript Costs

HIP opposes Hormel's motion for costs for pre-trial and trial transcripts. Hormel seeks the amount of $8,416.78, but, as the Clerk found, Hormel is not entitled to any of those costs.

Under D. Del. LR 54.1(b)(2), the costs of court transcripts "furnished to the Court, **are taxable when requested by the Court or prepared pursuant to stipulation**," but "[c]opies of transcripts for counsel's own use are not taxable." (emphasis added). Hormel effectively conceded the transcripts were not "requested by the Court or prepared pursuant to stipulation" but rather were "for counsel's own use." D.I. 72 ("Marchevsky Decl."), ¶ 4 ("Expedited processing of the Pretrial Conference hearing transcript was reasonably necessary given that trial began less than 14 days after the conference, and the transcript was needed for trial preparations and to understand, respond to, and abide by the Court's orders and requests."). The Clerk properly denied such costs under LR 54.1(b)(2).

3

Hormel thus asks the Court to exercise its discretion and award taxable costs for the pretrial and trial transcripts, asserting those transcripts were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, while transcripts may have been useful to counsel, they were not "necessarily obtained for use in the case." And Hormel certainly has not established that the entirety of the transcripts were required; nor has it tried to apportion the sections actually used for arguments in the district court or on appeal.

Hormel also argues that the transcripts were "necessarily obtained" because the transcripts were necessary for appeal. However, costs of the reporter's transcript, "if needed to determine the appeal," are taxable costs under Fed. R. App. P. 39(e)(2). This is consistent with understanding that the statutory language "necessarily obtained for use in the case" refers to the case at the district court. Further, if Congress had intended recoverable costs include transcript costs whenever an appeal was taken, it could have said so directly in Section 1920.

Nor should HIP be required to pay for expedited processing of the pretrial conference transcript or the hourly transcripts requested during trial. *See* Marchevsky Decl. Ex. B at PageID# 4110 (invoice for "Expedited" pretrial conference transcript); *id.* at PageID# 4112 (invoice for "Hourly" trial transcripts). Similarly, Hormel's request for $3,355 for a "Realtime" feed during was undoubtedly for the convenience of Hormel's counsel. *Id.* at PageID# 4122.

4

HIP respectfully requests that the Court exercise its discretion to deny these Hormel requests.

### B. Deposition Costs

HIP also opposes Hormel's motion for deposition costs. Hormel seeks the amount of $15,829.21, but is not entitled to any of these costs.

At the outset, Hormel suggests the Clerk applied an incorrect standard. Fairly read, however, the Clerk recognized and applied the correct standard to Hormel's request for deposition costs. The Clerk quoted two different standards, for court transcripts and depositions, after being clear that LR 54.1(a)(2) imposes an obligation to "clearly describe each item of cost." D.I. 75 at 2, *citing* LR 54.1(a)(2), LR 54.1(b)(2) & LR 54.1(b)(3). This was the context for the Clerk's opinion that "Hormel has not 'clearly described' (LR 54.1(a)(2) how and/or why **any of the requested costs are taxable by the Clerk.**" D.I. 75 at 3 ¶ 6 (emphasis added).

Contrary to Hormel's argument, the Clerk applied the correct standard to Hormel's request for costs relating to depositions. The Taxation Order recognized that Hormel separately sought costs for trial transcripts and deposition transcripts. D.I. 75, at 3 ¶ 6. Hormel incorrectly relies on language directed to court transcript costs, D.I. 75, at 3 ¶ 3, but ignores that the Clerk treated each of Hormel's separate requests for "requested costs" for trial and deposition transcripts in paragraph 6. *Id*. ¶ 6.

Turning to the substance of Hormel's complaint, under Local Rule 54.1(b)(3), deposition costs "are taxable **only when a substantial portion of the deposition is used in the resolution of a material issue in the case**" (emphasis added). Hormel sought costs relating to ten depositions of seven witnesses, but offered as justification only the vague and conclusory assertion that "[e]ach [deposition] was cited in the parties' papers, was presented at trial, and/or pertained to a witness who testified live at trial, and/or submitted an expert report." Marchevsky Decl., ¶ 4.

The record Hormel presented to the Clerk caused the Clerk to find that Hormel has not "clearly described … how or why any of the requested costs are taxable by the Clerk." D.I. 75 at 3 ¶ 6. Hormel vaguely argued deposition transcripts were part of its *Daubert* and motion in limine briefs, and in deposition designations. The sketchy record Hormel presented to the Clerk did not include evidence that a substantial portion of any deposition was used, nor did Hormel show that any deposition was used in the resolution of a material issue.

Hormel now seeks to expand the record it made to the Clerk with argument in its motion. The Court should not allow Hormel to do so.

Thus, Hormel's request for costs relating to ten depositions of seven witnesses – five of whom appeared live - should be denied because Hormel had offered no quantitative information that clearly provides sufficient detail to adequately determine if a "substantial portion" of any deposition was used at all, let alone "used

in the resolution of a material issue in the case." *See United Access Techs., LLC*, 2012 WL 2175786, at *7 ("[Defendant] has failed to demonstrate a substantial portion of the depositions were used to resolve the material issues, and thus is not entitled to deposition costs.").

Eight of the depositions for which Hormel seeks costs pertain to five witnesses who appeared live at trial, including four of Hormel's own witnesses. Marchevsky Decl., Exhibit B, Table 2. Indeed, Hormel successfully objected to HIP presenting deposition testimony of three Hormel current or retired employees at trial (Messrs. Srsen, Hendrickson, and Mino). *See* February 16, 2022 Pretrial Conference at 86-87; D.I. 74 ("Selinger Decl."), ¶ 7 & Ex. B thereto. Further, Hormel did not play or read into the record any deposition testimony of any of the three of them; nor did it play or read into the record any deposition testimony of its technical expert, Mr. Gunawardena, whom Hormel presented live at trial. Selinger Decl. ¶ 8.

Although Hormel asserts, without any specificity, that these depositions "were submitted to the Court" with *Daubert* and motion *in limine* briefing, the reality is that Hormel did not submit any of these deposition transcripts with its motion *in limine* or *Daubert* briefs. *See* D.I. 42, Exs. 13-16; D.I. 31.[2]

---

[2] HIP submitted a total of 9 pages of deposition testimony in support of its motion *in limine* briefs; 2 pages for each of Gunawardena, Hendrickson, and Mino, and 3 pages from Srsen out of more than 700 pages of testimony. *See* D.I. 42, Exs. 14, 15. HIP also submitted 2 pages of testimony from Mr. Gunawardena with its reply *Daubert* brief (D.I. 37).

7

Hormel failed to carry its burden to show that a substantial portion of the deposition of any of its four live witnesses was used in the resolution of a material issue in the case.

The fifth witness for whom Hormel seeks costs was HIP's president (Mr. Howard), who also testified live at trial. The cumulative length of his three transcripts amounted to more than 550 pages. D.I. 74 (Selinger Decl.), ¶ 9.) Hormel did not offer any quantitative information about how much of the more than 550 transcript pages from any of the three days of deposition it purportedly used at trial, let alone whether a substantial portion of a deposition transcript was used in the resolution of a material issue in this case.

Hormel's motion also seeks deposition costs relating to two witnesses, Messrs. Van Doorn and Bernheimer, both of whom HIP called by deposition in its case-in-chief. Although Hormel did provide counter-designations, its request for costs failed to describe any "substantial portion" or portions of either of the two depositions that it used, or how any "substantial portion" of either deposition was used in the resolution of a material issue in this case as required by D. Del. LR 54.1(b)(3). Specifically, Hormel designated approximately 11 pages of testimony from Mr. Van Doorn's deposition (out of 343 pages) and approximately 9 pages of testimony from Mr. Bernheimer's deposition (out of 136 pages). Together,

8

Hormel's designations amounted to about 4% of their combined deposition testimony, which is hardly a "substantial portion" of their depositions.

In view of the foregoing, HIP respectfully requests that the Court deny Hormel's motion as it relates to deposition costs.[3]

## V.     HORMEL'S MOTION FOR EXEMPLIFICATION COSTS SHOULD BE DENIED

The Clerk denied Hormel's request for copying and exemplification costs because Hormel failed to establish that the costs met the criteria set forth in LR 54.1(b)(5) and failed to make the showing required by LR 54.1(a)(2).  D.I. 75, at 4-5 ¶¶ 3-5.  Hormel's Motion "does not seek review of the Clerk's denial of its copying costs."  D.I. 76, at 16.  Hormel's motion for exemplification costs also should be denied.

In pertinent part, D. Del. LR 54.1(b)(5) provides that "[t]he cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable.  The cost of one copy of a document is taxable when admitted into evidence.

---

[3] To the extent, *arguendo*, the record supports any entitlement to deposition costs, Hormel seeks non-taxable deposition costs for Realtime feeds, and draft transcript files, court reporter/videographer attendance fees, video charges, and exhibit charges totaling more than $8,700.  *See* Marchevsky Decl., Ex. B at PageID # 4113-4130.  HIP objects to all of those charges, which are not permitted under D. Del. LR 54.1(b)(3).  At most, costs for the deposition transcripts should be taxed no more than $7,118.50.

9

The cost of copies obtained for counsel's own use is not taxable." *Id*. Hormel's Bill of Costs did not demonstrate that these requirements were met. D.I. 75 at 4.

Hormel seeks $20,207.00 for hourly time charges for vendor services in connection with creating graphics and deposition video clips Hormel planned to present at trial, and an hourly charge amounting to $100 for applying exhibit stamps to its PDF files. Marchevsky Decl., Ex. D, Table 2.

Hormel first seeks $7,080 in costs for having deposition designation video clips created for trial, but those services/costs do not meet the criteria set forth in D. Del. LR 54.1(b)(5), and Hormel does not assert that they do. Further, these costs are not authorized under D. Del. LR 54.1(b)(3). Indeed, Hormel made no effort to show that for any of the deposition designation video clips were used at trial, let alone used in the resolution of a material issue in the case. D. Del. LR 54.1(b)(3). Instead, Hormel relies on other cases presenting different facts that do no more than confirm the Court's discretion.

Here, Hormel did not use *any* of the deposition videos during the trial. All of the witnesses presented by video deposition were from HIP. Hormel presented a single witness, Dr. Gunawardena, in its case on March 3, 2022. Yet all of the costs Hormel seeks are for work performed more than a year before trial, from March 2 to March 10, 2021. *See* Marchevsky Decl., Ex. D at PageID# 4160.

Because Hormel cannot show that any of its claimed exemplification costs for video depositions were used at trial, or even reasonably prepared for use during the trial, Hormel's request for $7,080 in costs for "Creation of Deposition Designation Clips for Trial" should be denied.  *See* Marchevsky Decl., Ex. D, Table 2.

In like fashion, Hormel's costs for services in connection with design and production of trial graphics, totaling $13,027, do not meet the criteria set forth in D. Del. LR 54.1(b)(5), and Hormel does not assert that they do.  Further, Hormel appears to seek to have its costs for the services of on-site technicians and graphic design artists taxed, something which goes well beyond what is allowed even under 28 U.S.C. § 1920.  Specifically, Hormel seeks $10,256.75 for work performed from January 27 to February 28, 2022, well before the start of trial.  *See* Marchevsky Decl., Ex. D at PageID# 4161 (Invoice #139 from IMS Consulting & Expert Services for "Graphic Design & Production" from "1/27/22 – 2/28/22").  Hormel provides no details regarding the nearly 40 hours of work for which it seeks costs.  Similarly, Hormel's request for $2,670.25 for work performed from March 1 to March 31, 2022, is unsupported by any description of the work performed.  *Id.* at PageID# 4162 (Invoice #218 from IMS Consulting & Expert Services for "Graphic Design & Production").  Having provided not even the barest of explanations for what this work was or how (or if) it was used during trial supports the Clerk's denial of these costs.

11

For these reasons, Hormel's motion as it pertains to exemplification costs in the amount of $20,207 should be denied.

## VI. CONCLUSION

In view of the foregoing, Hormel's Motion to Review Taxation of Costs should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

OF COUNSEL:

Jerry R. Selinger
PATTERSON + SHERIDAN LLP
1700 Pacific Avenue, Suite 2650
Dallas, TX  75201
(214) 272-0958

B. Todd Patterson
Kyrie Cameron
PATTERSON + SHERIDAN LLP
24 Greenway Plaza, Suite 1600
Houston, TX  77046
(713) 623-4844

Karen Jacobs (#2881)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
mflynn@morrisnichols.com
  *Attorneys for HIP, Inc.*

April 30, 2024

12

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 2,674 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 30, 2024, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore<br>Bindu A. Palapura<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Kurt J. Niederluecke<br>Timothy M. O'Shea<br>Barbara Marchevsky<br>FREDRIKSON & BYRON P.A.<br>200 South 6th Street, Suite 4000<br>Minneapolis, MN 55402<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)